**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SARA VITLLOCH ROQUE | CIVIL NO.: |
| Plaintiff | |
| v. | _____ |
| METROHEALTH, INC. D/B/A/ HOSPITAL METROPOLITANO INC. | EMPLOYMENT DISCRIMINATION, (JURY TRIAL REQUESTED) |
| Defendant | |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW** plaintiff, Sara Vitlloch Roque, hereinafter "Vitlloch" through the undersigned counsel, and very respectfully STATES, ALLEGES and PRAYS:

### I.    NATURE OF ACTION

Vitlloch brings forth this action against her current employer, hereinafter the "Defendant" to redress the deprivation of Plaintiff's rights to work in an environment free of discrimination. The Defendant engaged in unlawful discrimination against Vitlloch based on her age and disability.

Due to the discriminatory, illegal and willful actions of the Defendant, Vitlloch further seeks compensatory damages for deprivation of rights, mental and emotional suffering and punitive damages. Vitlloch further seeks damages from Defendant pursuant to the laws of the

1

Commonwealth of Puerto Rico, providing liability for tortious conduct.  State and federal claims hereinafter set forth derive from a common nucleus of operative facts.

## II.   JURISDICTION

1.      Jurisdiction is invoked under 28 U.S.C. sec. 1331. This civil action arises under the Constitution and laws of the United States of America.

2.      Supplemental jurisdiction is invoked under 28 U.S.C. sec. 1367 for the cause of action invoked under the Constitution and laws of the Commonwealth of Puerto Rico.

3.      Venue is appropriate in this Court pursuant to 28 U.S.C. sec. 1391, as this action is brought in the judicial district in which the discriminatory, retaliatory and unlawful actions against Plaintiff occurred.

## III.   THE PARTIES

4.      Plaintiff Vitlloch, is of legal age, single, a citizen of the United States of America and a resident of the city of Guaynabo in the Commonwealth of Puerto Rico. Her postal address is PO BOX 11981 San Juan, Puerto Rico 00922 and her telephone number is 787-405-9593.

5.      The Defendant is a domestic corporation under the laws of Puerto Rico and is authorized to do business in the Commonwealth of Puerto Rico. The defendant is a corporation that operates "Hospital Metropolitano".

## IV.   FACTS

6.      Vitlloch began working for the Defendant on June 3,1997. Her duties at that moment was installing a new computer program for incomplete medical records and substituting an encoder that was on vacation. At that moment plaintiff's supervisor was Mrs. Ruth García.

7.      Then on 2002, plaintiff started to officially occupy the position of Incomplete Medical Records Technician which, among other things, entailed dealing directly with the doctors and other health professionals. Plaintiff executed her duties efficiently. At that moment Mr. Elizabeth Gotay ("Gotay") started to supervise plaintiff.

8.      Plaintiff worked at that position until 2014, a time when Gotay decided to start a campaign against plaintiff by creating a discriminatory hostile environment in order to force her resignation from the hospital because of my age and my disability. Specifically plaintiff has a pulmonary condition that, as we will discuss further along, she requested a reasonable accommodation that consisted of moving her from an area that had fungus, fumes, vapors, humidity and affected her health.

9.      The campaign started on April 2014, when Gotay fabricated a sexual harassment case against plaintiff in which it was falsely alleged that she improperly touched the shoulder of a younger male fellow worker. The fellow worker never formally filed a complaint against plaintiff, it was Gotay that promoted the false accusation. Gotay characterizes herself in the working area as a supervisor that harasses and persecutes older employees.

10.     Gotay used said accusation as an excuse to remove plaintiff from her position and move her to a new one in which she did not have any experience and training expecting her to fail to have an excuse to either terminate Vitlloch or for her to resign. In this new position, even though Gotay was the main supervisor, she assigned Mrs. Mildred Miró ("Miró") as my direct supervisor in said position. Miró recognizes that this position change was arbitrary and that plaintiff was put in a position to fail.

11.     Furthermore, Gotay continue his harassment and hostile environment towards plaintiff based on her age and disability until September 2017. Gotay treated Vitlloch as she did not existed, not making eye contact except on the occasions she would unjustifiably criticized her job performance. Gotay would make reference all the time to plaintiff age and make comments about how old she is and that she should not be working. Plaintiff filed various

3

complaint and grievances against Gotay, but the employer did nothing to address this harassment and hostile environment towards plaintiff because of her age.

13. On October 2017, after the Hurracaine María hit the island, plaintiff requested a reasonable accommodation consisting of moving her from her working area because it had fungus, fumes, vapors, humidity and affected a pulmonary condition she has. This kind of request is common with the employer and has been granted to other employees, like Mrs. Karelys Hernández which is much younger than plaintiff.

13. Notwithstanding, the defendant denied plaintiff's request and never had a interactive process with her as required by law. The defendants response to this request was to suspend plaintiff indefinitely without pay from her job. This adverse action was motivated by plaintiff disability. Furthermore, as already mentioned, this type of request was granted to younger employees that requested exactly the same as plaintiff, Therefore, the request was not burdensome to defendants.

14. All of the above constitute discrimination on basis of plaintiff disabilities because her suspension and hostile work environment was based on her disability and age. Said discrimination has caused plaintiff physical damages and emotional distress.

15. Plaintiff then, on November 27th, 2017, filed a complaint before the Anti Discrimination Unit of Puerto Rico and the EEOC, case number uadau17-448c; 16H-2018-00045C, alleging in essence, that she had been illegally and discriminatorily suspended, based on her age and disability.

16. On the said administrative proceeding in a hearing held on January 31, 2018, the defendant agreed to reinstate plaintiff. However, the defendant unjustifiably delayed her reinstatement by 4 days, then, when she started working they did not assigned her any duties to do and her direct supervisor Miró told her the instructions by Gotay was to mistreat her. All this constituted retaliation in violation of federal law.

17. Plaintiff then, on March 21th, 2018, filed a new complaint before the EEOC, case number 16H-2018-00194C, alleging in essence retaliation based on her age and disability complaint. However, the EEOC has not issued the right to sue letter regarding this complaint.

18.      On October 16, 2018, the EEOC notified a right to sue letter for plaintiff for the case uadau17-448c; 16H-2018-00045C.

## V.   Plaintiff's Causes of Action

### A.   First Cause of Action

19.      All previous allegations are incorporated herein.

20.      The events described herein are in violation of the American with Disabilities Act, 42 U.S.C sec. 12101.

21.     All of the events described herein constitute discrimination on the basis of her disability in violation of ADA.

### B.   Second cause of action

22.      All previous allegations are incorporated herein.

23.      The events described herein are in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. sec 621 *et seq*.

24.     All of the events described herein constitute discrimination on the basis of her disability in violation of ADEA.

### C.   Third cause of action

25.      All previous allegations are incorporated herein.

26.      Defendant's actions and conduct constitute unlawful discrimination against Rodriguez on the basis of her disability all in violation of Law. No. 44 of July 2, 1985,, *et seq*. through a pendent jurisdiction procedure, pursuant to 28 U.S.C.A. §1367.

### D.   Forth cause of action

27.      All previous allegations are incorporated herein.

28.     Defendant's actions and conduct constitute unlawful discrimination against

Cosme on the basis of sex all in violation of Law. No. 100 of June 30, 1959, 29 LPRA secs. 146,

*et seq.* through a pendent jurisdiction procedure, pursuant to 28 U.S.C.A. §1367.

### E.   Fifth cause of action

29.     All previous allegations are incorporated herein.

30.     Defendant's actions and conduct constitute unlawful retaliation against plaintiff

on the basis of her filing the charge in the Antidiscrimination Unit and the EEOC all in violation

of Law. No. 115 of December 20, 1991, *et seq.* through a pendent jurisdiction procedure,

pursuant to 28 U.S.C.A. §1367.

### VI.   REMEDIES REQUESTED

WHEREFORE, plaintiff very respectfully requests from this Honorable Court that

judgment be issued as follows:

A.      That the acts and omissions incurred by defendants have violated

Rodriguez' civil rights under ADEA and ADA, thereby triggering Plaintiff's entitlement to a

suitable compensation.

B.      That plaintiff be reinstated to her original position, including salaries and

employment benefits.

C.      That actual and compensatory damages be awarded plaintiff, as a result of

the illegal actions and omissions committed by the defendants, in an amount of no less than Two

Hundred Fifty Thousand Dollars ($250,000.00)

D.      Because of Defendant willful conduct and in total disregard of the

applicable statutes and plaintiff's rights, she requests that punitive damages be awarded, as a

result of the illegal actions and omissions committed by the defendant.

E.       That the costs of this action, together with reasonable attorney fees, be

granted to Rodriguez, as provided by applicable law.

F.      That any other relief that this Honorable Court deems just and proper be

awarded.

**A JURY TRIAL IS HEREBY RESPECTFULLY REQUESTED.**

**WHEREFORE**, it is respectfully requested that judgment be entered against Defendant accordingly.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico on January 14th, 2019.

I HEREBY CERTIFY that on January 14th, 2019, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

> s/ Jorge L. Marchand Heredia
> JORGE L. MARCHAND HEREDIA
> LAW OFFICE
> Attorney Bar Number:  223712
> Attorney for Plaintiff
> PO BOX 364273
>  SAN JUAN, PR 00936-4273
> Tel. (787)428-3533
> Fax. (787)524-1208
> jorgeluismarchand@gmail.com